USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
SAMANTHA RICHARDS, et al.,          :
                                    :
                Plaintiffs,         :
                                    :     97-CV-7990 (BSJ)
                                    :
          v.                        :     **Order**
                                    :
CITY OF NEW YORK, et al.,           :
                                    :
                Defendants.         :
----------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On April 21, 2009, the Defendants in this case applied for an order pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. ss. 1920 and 1921 granting fees and costs. On April 30, 2009, the Judgment Clerk entered a $35,043.06 Bill of Costs. Plaintiffs Samantha, Shanealya, and Wydeia Richards object to the payment of costs.[1]

Whether to award costs under Rule 54(d) rests within the sound discretion of the district court. *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995). A district court reviews *de novo* any appeal by the unsuccessful litigant of the Clerk of the Court's taxation of costs. *See Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir.2001).

Taxation of costs may be vacated when the plaintiff has limited financial resources, when the plaintiff brought the action in good faith, or when the award would otherwise be inequitable. *See Waul v. Coughlin*, No. 93-cv-753, 1998 WL 898306, at *1 (S.D.N.Y. Dec. 23, 1998); *Lewis*

---

[1] The Court exercises its discretion to disregard plaintiffs' failure to timely serve their objections to Defendants. Both parties have expended time and resources in briefing the instant motion. Moreover, plaintiffs timely filed with the Court their objections to the bill of costs, and though service to Defendants was not accomplished until after the date scheduled for taxation of costs, it does not appear that Defendants were seriously prejudiced by the untimely service. For these reasons, the Court will excuse the failure to timely serve their objections and address plaintiffs' motion on the merits. *See Brodie v. Pressley,* No. 95 Civ. 1197, 1999 U.S. Dist. LEXIS 13768, at *3 (S.D.N.Y. Sept. 7, 1999) (finding that plaintiff's failure to file timely objections pursuant to Local Rule 54.1 should be excused); *Lewis v. Keane,* No. 96 Civ. 3867, 1998 U.S. Dist. LEXIS 7652, at *6 (S.D.N.Y. May 26, 1998) (same).

*v. Keane,* No. 96 Civ. 3867, 1998 U.S. Dist. LEXIS at *4 (S.D.N.Y. May 22, 1998); *Jones v. General Board of Global Ministries of the United Methodist Church,* No. 96 Civ. 5462, 1997 WL 639027 at *1 (S .D.N.Y. Oct. 15, 1997).

Finding that this litigation was brought in good faith and that the plaintiffs' limited financial means make the award of costs inequitable, the motions of Samantha, Shanealya, and Wydeia Richards to vacate taxation of costs are GRANTED.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         June 26, 2009

2